THE STATE, EX REL. MOORE, *v.*
SUMMIT COUNTY BOARD OF
ELECTIONS.

(No. 13377 — Decided
October 23, 1987.)

*Alfred E. Schrader,* for relator.
*William E. Schultz,* assistant prosecuting attorney, for respondent.

GEORGE, J. This is an original action in mandamus, filed pursuant to R.C. Chapter 2731, with Betty J. Moore as relator and the Summit County Board of Elections as respondent. The record before this court includes stipulated facts, joint exhibits, the briefs of the parties, as well as the deposition of Moore. Arguments were presented.

In order to grant a writ of mandamus, this court must find that Moore has a clear legal right to the relief she seeks, that the board is under a clear legal duty to perform the requested act, and that Moore has no plain and adequate remedy at law. *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6, 15 O.O. 3d 3, 399 N.E. 2d 66, approved and followed in *State, ex rel. Montrie Nursing Home,* v. *Aggrey* (1980), 63 Ohio St. 2d 121, 125-126, 17 O.O. 3d 74, 77, 407 N.E. 2d 485, 488. Moore has the right to have her name placed on the November 3, 1987 ballot for the office of Trustee of Twinsburg Township once she files a nominating petition in accordance with the election laws, which petition has the requisite number of twenty-five qualified electors. R.C. 3513.253. Thereafter, the board has a duty to validate the petition and place Moore's name on the ballot. R.C. 3501.38 and 3501.39. Since there is no adequate remedy at law, Moore may seek a writ of mandamus.

Moore requests this court to command that the board place her name on the November 3, 1987 ballot as a candidate for re-election to the office of Trustee for Twinsburg Township. Moore filed a nominating petition with twenty-seven signatures. The board notified Moore that she had insufficient signatures, having rejected two because the signers had never registered to vote and having rejected a third, Martin L. Payne, because Payne was not legally eligible to register when he did so register.

There is no dispute that Payne was seventeen at the time he registered to vote during a high school voter registration program in 1986. Thereafter he received a notice from the board indicating the polling place he was to use and he was listed as a voter on the rolls of Twinsburg Township. He was permitted to vote in the general election of November 1986. And in 1987, Payne resided in a different precinct than the one of his registration; however, he had not given the board a notice of address change.

The board has conceded that the change of address is not an issue here. Moreover, that issue has been discussed in *State, ex rel. Schroy,* v. *Wagner* (1933), 127 Ohio St. 174, 187 N.E. 572, and decided in *Weber* v. *Summit Cty. Bd. of Elections* (Oct. 5, 1987), Summit App. No. 13351, unreported.

The only issue presented by this action is whether Payne was a qualified and registered elector of the township. If he was, then his signature must be accepted by the board making the number of signatures for Moore's petitions sufficient. If he was not, then the board properly rejected his signature making the number of signatures for Moore's petitions insufficient.

R.C. 3501.01(N) defines an "elector" as a "person having the qualifications provided by law to entitle him to vote." Payne signed Moore's nominating petition on August 19, 1987, when he was eighteen years old. At that time, Payne was a person having the qualifications to be an elector.

The language of R.C. 3503.06 is clear that only a registered elector may sign a nominating petition. Payne was registered to vote when he was seventeen. By statute he was permitted to register to vote at age seventeen so long as he would be eighteen on the date of the next general election. R.C. 3503.07. Payne was not eighteen by the November 1986 general election and was not eighteen until one month after that election. So that while Payne was registered to vote in 1986, he was ineligible to cast a ballot until December 5, 1986, the date of his eighteenth birthday.

However, on August 19, 1987, when he signed Moore's nominating petition, he was eighteen and he was a registered elector. Once registered, an elector is not required to register again. R.C. 3503.07 provides in pertinent part:

"* * * When once registered, an elector shall not be required to register again unless his registration is canceled."

Payne's registration was not cancelled nor were cancellation procedures begun by the board pursuant to R.C. 3503.21. Thus Payne remained registered.

R.C. 3513.253 provides that a nominating petition for township office must be signed by not less than twenty-five qualified electors in the township. Since Payne was both qualified and registered on the date that he signed the nominating petition, his signature should not have been rejected because he was seventeen when he registered to vote.

For these reasons, Moore is entitled to the writ which she seeks — to be placed upon the November 3, 1987 ballot for the office of Trustee for Twinsburg Township. Upon good cause shown, the writ of mandamus is granted.

The board is hereby ordered to certify Moore's nominating petition as valid and place her name on the November 3, 1987 election ballot for the office of Trustee of Twinsburg Township.

*Writ allowed.*

BAIRD, P.J., and CACIOPPO, J., concur.